# IN THE COURT OF APPEALS OF IOWA

No. 22-0140
Filed April 26, 2023

**WALTER RAY NOREM,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dickinson County, Nancy L. Whittenburg, Judge.

Walter Norem appeals the denial of his application for postconviction relief. **AFFIRMED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Badding, P.J., Chicchelly, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**GAMBLE, Senior Judge.**

Walter Norem appeals the denial of his application for postconviction relief (PCR).  He claims both his criminal trial and appellate counsel provided ineffective assistance.  We affirm.

PCR actions are normally reviewed for errors at law.  *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).  But because ineffective-assistance claims involving trial and appellate counsel take on a constitutional dimension, our review is de novo.  *Id.*  To establish an ineffective-assistance-of-counsel claim, the applicant "must demonstrate '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'"  *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (citation omitted).  "Both elements must be proven by a preponderance of the evidence."  *Ledezema v. State*, 626 N.W.2d 134, 142 (Iowa 2001).  The first element is satisfied when the applicant demonstrates counsel breached an essential duty by making "errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the [applicant] by the Sixth Amendment."  *State v. Warren*, 955 N.W.2d 848, 859 (Iowa 2021) (citation omitted).  "We presume counsel acted competently but that presumption is overcome 'if we find [an applicant] has proved [their] counsel's performance fell below the normal range of competency.'"  *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021) (citation omitted).  "[C]laims of ineffective assistance involving tactical or strategic decisions of counsel must be examined in light of all the circumstances to ascertain whether the actions were a product of tactics or inattention . . . ."  *Ledezma*, 626 N.W.2d at 143.  "While strategic decisions made after 'thorough investigation of law and facts relevant to plausible options are virtually unchallengeable,' strategic decisions

made after a 'less than complete investigation' must be based on reasonable professional judgments which support the particular level of investigation conducted." *Id.* "Prejudice occurs if 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (citation omitted).

We address Norem's claims against trial and appellate counsel in turn.

## I. Trial Counsel

Back in 2012, D.N., Norem's then-wife, sought emergency treatment for injuries she claimed she sustained during an hours-long attack at the hands of Norem. In response, the State prosecuted Norem for first-degree kidnapping and second-degree sexual abuse. A jury convicted Norem on both counts. Now, Norem attempts to call his conviction into question by complaining that his criminal trial counsel was ineffective for failing to investigate and pursue a viable "framed-for-financial-benefit" defense. Essentially, Norem contends counsel should have presented the jury with the theory that D.N. staged her sexual assault and kidnapping in effort to persuade a neighbor to remove Norem as a beneficiary to the neighbor's will—leaving D.N. alone to inherit a valuable farm from the neighbor.

Trial counsel's decision not to advance this theory did not breach an essential duty. In light of all the circumstances, we find counsel reasonably considered this defense and made a reasonable professional judgment that the presentation of such theory would open the door to facts unfavorable to Norem, including allegations Norem previously abused D.N., and had little chance of success. *See Ledezema*, 626 N.W.2d at 143. That is because Norem's framed-for-financial-benefit theory is based on speculation and is simply not believable.

Under Norem's theory, D.N. would have had to create her own serious physical injuries (including a broken nose, hematoma, and swelling in her face and body); planted her blood and chunks of her hair around the house; and planted Norem's semen on her clothing to support her allegations. *See State v. Norem*, No. 14-1524, 2016 WL 146237, at *2–4 (Iowa Ct. App. Jan 13, 2016) (detailing the evidence and describing some of D.N.'s physical injuries and the scene of the crime). And she would have had to do all this with the hope that their neighbor would then choose to amend her will to remove Norem as a beneficiary. We do not require attorneys to bring such far-fetched theories before juries when they have strategic reasons for not presenting such theory. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015) ("Further, where a claimant alleges counsel's failure to pursue a particular course breached an essential duty, there is no such duty when the suggested course would have been meritless."). Counsel did not breach a duty when deciding against presenting the framed-for-financial-benefit theory.

**II. Appellate Counsel**

We move on to Norem's ineffective-assistance claim against his appellate counsel. After this court affirmed Norem's convictions, his appellate counsel withdrew due to a job change. Appellate counsel prepared an application for further review prior to his withdrawal. Norem's replacement appellate counsel believed prior counsel had already filed the application, but he had not. So the application for further review was not filed in time, and our supreme court did not grant a delayed application. Replacement appellate counsel informed Norem that

she was ineffective for failing to timely file the further review application and he should seek PCR.

Norem now complains that because counsel failed to file the further review application, he cannot bring a federal habeas corpus action. *See O'Sullivan v. Boerckel*, 528 U.S. 838, 847–48 (1999). He claims we should conclude counsel's failure to file a further review application amounts to structural error. But structural error is rare and only found when it infects the entire adversarial process. *See State v. Brimmer*, 983 N.W.2d 247, 270 (Iowa 2022). A showing of prejudice is unnecessary in instances of structural error because they "defy analysis under the harmless error standard." *Id.* (citation omitted).

With that in mind, we do not classify counsel's failure to file a further review application as structural error because we can analyze whether counsel's failure was prejudicial or ultimately harmless and it did not infect the entire adversarial process. *See id.* So we proceed and review Norem's claim under our traditional two-prong ineffective-assistance test. *See Lado*, 804 N.W.2d at 251. Even assuming that counsel failed to perform an essential duty by failing to timely file the application for further review, Norem cannot establish that failure resulted in any prejudice. *Cf. Reyna v. State*, No. 15-1331, 2016 WL 4036175, at *1 (Iowa Ct. App. July 27, 2016) (recognizing counsel is not necessarily ineffective for failing to file an application for further review).

With respect to Norem's complaint that he cannot bring a habeas corpus action in federal court now, he does not identify any basis of relief he would otherwise seek through a federal habeas action. Without that crucial information, Norem cannot establish any resulting prejudice from counsel's failure to file the

application for further review. *See Butts v. State*, No. 16-2023, 2018 WL 1858380, at *5 (Iowa Ct. App. Apr. 18, 2018) (concluding an applicant failed to establish prejudice from counsel's failure to file a further review application when the applicant did not identify a ground for relief that he would have been entitled to in a habeas action); *Vongchanh v. State*, No. 03-1086, 2004 WL 1853921, at *2–3 (Iowa Ct. App. July 14, 2004) (rejecting a claim that an applicant was prejudiced by counsel's failure to file a further review application and inability to bring a habeas corpus action because the applicant failed to identify a ground for relief he would have been entitled to through a habeas action). As he cannot establish any prejudice, Norem is not entitled to relief on this basis.

To the extent Norem also suggests the supreme court would have granted the application for further review and ruled in his favor, we have no reason to believe his application would have been granted or that Norem would have been successful on further review. The application is not in our record, so we do not know whether Norem intended to seek further review of all of this court's adverse rulings or narrow his focus to one or two issues. Norem does not separately provide explanation as to what specific issues he wanted to challenge on further review. Without this information, Norem cannot establish the supreme court would have granted the application or that he would have been successful on further review. So he cannot establish counsel's failure to file the application prejudiced him by foreclosing his ability to obtain relief from our supreme court.

We affirm the PCR court's ruling denying Norem's PCR petition.

**AFFIRMED.**